# EXHIBIT A

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

ANNA ANFIELD,

      Plaintiff,

    v.

NORDSTROM, INC., a Washington corporation; and COURTNEY POSEY, an individual,

      Defendants.

Case No.:

COMPLAINT FOR FALSE ARREST, DISCRIMINATION, AND NEGLIGENCE

NOT SUBJECT TO MANDATORY ARBITRATION

PRAYER: $400,000
ORS 21.160(1)(c) - $594

JURY TRIAL DEMANDED

Plaintiff demands a jury trial and alleges:

1.

Defendant Nordstrom, Inc. is and at all times mentioned herein has been a Washington corporation engaged in the retail sale of clothing and fashion items, including a store located at 701 SW Broadway, Portland, Multnomah, Oregon.  Nordstrom conducts regular, sustained business activity in Multnomah County.

2.

Defendant Courtney Posey (hereinafter "Posey") is, and at the time of the herein described incident was, the store manager of the above-mentioned

PAGE 1 – COMPLAINT FOR FALSE ARREST, DISCRIMINATION, NEGLIGENCE

**KAFOURY & McDOUGAL**
411 SW 2nd. Ave. Ste. 200
Portland, OR 97204
Fax: 503-224-2673
Phone: 503-224-2647

Nordstrom store.  Posey is a resident of Oregon.  At all times mentioned herein, Posey was acting within the course and scope of her employment.  Posey, by virtue of her position as store manager, had the power to set store policy and control the manner in which the below-mentioned security guard and other store employees, who were her subordinates and/or the agents of Nordstrom, performed their jobs.  Posey knew or had reason to know that the below-mentioned electronic antitheft system provides no reliable information as to whether a person exiting the store is or is not attempting to steal merchandise.

3.

At all times mentioned herein, defendants Nordstrom, Inc. and Posey knew or had reason to know of a pattern and practice by Nordstrom employees and/or agents of Nordstrom of racially discriminatory asset protection enforcement, including racially selective stops and searches.

4.

On or about July 6, 2025, plaintiff, who is African American, was a customer at the above-referenced store.  Plaintiff, after shopping and paying for her merchandise at the checkout, approached the store exit. The exit was guarded by an electronic antitheft system, with a uniformed security guard standing nearby. As plaintiff attempted to exit the store, the antitheft alarm activated, alerting the guard, plaintiff, and everyone else within earshot, stopping plaintiff's progress out of the store. Plaintiff reasonably believed that the circumstances created by Nordstrom amounted to an accusation that she

PAGE 2 – COMPLAINT FOR FALSE ARREST, DISCRIMINATION, NEGLIGENCE

**KAFOURY & McDOUGAL**
411 SW 2nd. Ave. Ste. 200
Portland, OR 97204
Fax: 503-224-2673
Phone: 503-224-2647

was leaving the store without paying for her items, and the presence and placement of the guard suggested that Nordstrom was exercising authority over her and that there was an implied threat of use of force by Nordstrom, and so she reasonably believed as a result that she was not free to leave. As plaintiff was attempting to show the guard the contents of her bag, a female store employee came running over, loudly saying, "Do you have any clothes?" Plaintiff had not been shopping for clothes, and did not know why the employee thought she was trying to leave the store with clothing. Defendant's conduct further made plaintiff reasonably believe that Nordstrom was exercising authority over her, and that she was in effect being accused of attempting to leave the store with items which were not paid for. She took plaintiff's bag and led her back to one of the registers, searching the bag and each item thoroughly before finally giving plaintiff back her property and allowing her to leave the store.

5.

The above referenced security guard and other employee were employees, agents, or apparent agents of defendant Nordstrom, Inc., at all times mentioned herein, and were acting within the course and scope of their employment, agency, or apparent agency.

///

///

///

PAGE 3 – COMPLAINT FOR FALSE ARREST, DISCRIMINATION, NEGLIGENCE

FOR A FIRST CLAIM FOR RELIEF FOR FALSE ARREST AGAINST DEFENDANT NORDSTROM, INC, plaintiff alleges:

6.

Plaintiff realleges and incorporates by reference paragraphs 1-5, above.

7.

The above-described stop and detention was intentional, plaintiff was aware of her detention, and the detention was unlawful.

8.

As a result of the above-described detention, plaintiff suffered, continues to suffer, and will in the future suffer fear, anxiety, embarrassment, and anger, all to her noneconomic damages not to exceed a maximum combined amount of $400,000 for all claims.

FOR A SECOND CLAIM FOR RELIEF FOR DISCRIMINATION AGAINST DEFENDANT NORDSTROM, INC., plaintiff alleges:

9.

Plaintiff realleges and incorporates by reference paragraphs 1-5, and 7-8, above.

10.

Plaintiff is African American.

11.

The above-described Nordstrom store is and at all times mentioned herein has been a place of public accommodation within the meaning of ORS

PAGE 4 – COMPLAINT FOR FALSE ARREST, DISCRIMINATION, NEGLIGENCE

KAFOURY & McDOUGAL
411 SW 2nd. Ave. Ste. 200
Portland, OR 97204
Fax: 503-224-2673
Phone: 503-224-2647

659A.400.  At least part of the motivation for the above-described conduct was the plaintiff's race.

12.

The above-described conduct violates ORS 659A.403, which prohibits discrimination in places of public accommodation on account of race.

13.

Plaintiff is entitled to reasonable attorney fees pursuant to ORS 659A.885.

14.

As a result of the above-described discrimination, plaintiff suffered, continues to suffer, and will in the future suffer from feelings of racial stigmatization, humiliation, and anger all to her noneconomic damages not to exceed a maximum combined amount of $400,000 for all claims.

FOR A THIRD CLAIM FOR RELIEF FOR NEGLIGENCE AGAINST ALL DEFENDANTS, plaintiff alleges:

15.

Plaintiff realleges and incorporates by reference paragraphs 1-5, 7-8, and 10-14, above.

16.

Defendants Posey and Nordstrom, Inc., either directly or by and through the actions of agents, apparent agents, and employees, who were then and

PAGE 5 – COMPLAINT FOR FALSE ARREST, DISCRIMINATION, NEGLIGENCE

KAFOURY & McDOUGAL
411 SW 2nd. Ave. Ste. 200
Portland, OR 97204
Fax: 503-224-2673
Phone: 503-224-2647

there acting within the course and scope of their agency, apparent agency, and employment, were negligent in one or more of the following particulars:

    a.  In failing to instruct their subordinates, employees, and/or agents that the electronic antitheft system does not provide reliable information as to whether a person exiting the store is attempting to steal;

    b.  In failing to instruct their subordinates, employees, and/or agents that the alarm on the electronic antitheft system does not create sufficient cause to stop a customer from exiting the store;

    c.  In designing, implementing, and continuing a system in which the placement of the electronic antitheft system and uniformed security guard created the apprehension of use of force and/or legal authority in customers upon activation of the alarm, in the absence of probable cause to believe a theft was being committed;

    d.  In failing to adequately supervise employees regarding loss prevention;

    e.  In failing to adequately train employees regarding loss prevention;

    f.  In failing to adequately train employees regarding racial profiling;

    g.  In failing to stop racially selective stops and searches; and

    h.  Designing, implementing, and continuing a system that allowed subordinates, employees, and/or agents to treat customers of

PAGE 6 – COMPLAINT FOR FALSE ARREST, DISCRIMINATION, NEGLIGENCE

different races differently, allowing a culture of impunity in which false arrests and race discrimination, including plaintiff's, occurred.

17.

As a result of the above-described negligence, plaintiff suffered, continues to suffer, and may permanently suffer from feelings of racial stigmatization, indignity, shame, embarrassment, humiliation, and anger, all to her noneconomic damages not to exceed a maximum combined amount of $400,000 for all claims.

WHEREFORE, plaintiff prays for judgment against defendants for noneconomic damages in the amount of $400,000, and for her costs, attorney fees and disbursements necessarily incurred herein.

Dated:  May 29, 2026.

*/s/  Gregory Kafoury*
Gregory Kafoury, OSB #741663
kafoury@kafourymcdougal.com
Jason Kafoury, OSB #091200
jkafoury@kafourymcdougal.com
Attorneys for Plaintiff

Plaintiff hereby provides notice of her intent to amend to add claims for punitive damages.

PAGE 7 – COMPLAINT FOR FALSE ARREST, DISCRIMINATION, NEGLIGENCE